**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JAVIER REYES-CORADO, | No. 10-73749 |
| Petitioner, | |
| v. | Agency No. A098-799-409 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2014
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and CHEN, District Judge.[**]

Petitioner Javier Reyes-Corado petitions for review of two BIA decisions

denying his request for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").  Mr. Reyes contends that he is entitled to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward M. Chen, United States District Court for the Northern District of California, sitting by designation.

relief because, if he were to return to Guatemala, his country of citizenship, he would be killed by his paternal cousins. According to Mr. Reyes, there is a feud within his extended family that stems from a conflict between his father Noe and his uncle Simon. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

First, CAT relief is not appropriate without a finding of government acquiescence. *See* 8 C.F.R. § 1208.18(a)(1). Here, there is substantial evidence to support the agency's conclusion of no government acquiescence.[2] *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011); *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). "[A]wareness includes both actual knowledge and willful blindness." *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (internal quotation marks omitted).

---

[2] Contrary to what Mr. Reyes argues, the IJ did make a finding of no government acquiescence (*i.e.*, by concluding that Mr. Reyes did not meet his burden of proof on the issue). The Court also rejects Mr. Reyes's argument that the IJ improperly denied him the opportunity to develop the record on government acquiescence, either in the original November 2006 hearing or later on remand from the BIA. The Court agrees with the reasoning of the BIA in its second decision.

In the case at bar, the government cannot be said to be willfully blind absent awareness on its part that the deaths in the Reyes family were linked, *i.e.*, caused by a family-based rivalry. There is substantial evidence that the government did not have any such awareness. As the IJ and BIA noted, no one in the "family ever contacted Guatemalan officials to intervene in their long-standing feud," AR 52, and Mr. Reyes's "mother refused to disclose to the police anything about his father's murder that could have aided a police investigation." AR 5. Furthermore, it would not be evident from the publicly known circumstances that the deaths were linked. For example, the death of Mr. Reyes's father, Noe, took place approximately ten years after the kidnapping of Simon, Mr. Reyes's uncle. Also, since the kidnapping of Simon took place before the end of the Guatemalan civil war, his death might have been attributed to the war rather than a family feud.

Second, Mr. Reyes's request for asylum or withholding of removal is also denied. To obtain such relief, an applicant must show that the persecution was "'committed by the government or forces the government is either unable or unwilling to control.'" *Doe v. Holder*, 736 F.3d 871, 877-78 (9th Cir. 2013). Here, for the reasons stated above, there is no evidence that the government was

aware the deaths in the Reyes family were the result of a family-based feud.[3]  Mr. Reyes's suggestion that he can establish government inability or unwillingness to control without a showing that the government was aware of the persecution is meritless.  As with the CAT, the government must be aware of the activity constituting the persecution.  *See, e.g.*, *Castro-Martinez v. Holder*, 674 F.3d 1073, 1081 (9th Cir. 2011) (stating that "an applicant can demonstrate the government's lack of ability or willingness to respond to violence by 'establishing that private persecution of a particular sort is widespread and well-known but not controlled by the government' or 'showing that others have made reports of similar incidents to no avail'").

Mr. Reyes's request for asylum and withholding of removal also fails on another ground.  The BIA found that Mr. Reyes failed to establish past

---

[3] Although the BIA did not expressly reject asylum or withholding of removal on the ground of government inability or unwillingness to control, *see* AR 90 (addressing only "harm at the hands of the government"), it would be a useless formality to remand to the agency to make a determination on the issue based on this record.  *See, e.g.*, *Zhong v. United States DOJ*, 480 F.3d 104, 117 (2d Cir. 2007) (stating that "'remand to the BIA is futile . . . when overwhelming evidence in the record makes it clear that the same decision is inevitable on remand'"); *Vista Hill Found., Inc. v. Heckler*, 767 F.2d 556, 566 n.9 (9th Cir. 1985) (stating that "'*Chenery* does not require that we convert judicial review of agency action into a ping-pong game'[;] [a] remand is not required when it 'would be an idle and useless formality'") (internal citation omitted).

persecution.[4] That finding is supported by substantial evidence. There were no threats to Mr. Reyes prior to his departure from Guatemala. In fact, his father was killed after Mr. Reyes left the country. Consequently, in order to obtain relief, Mr. Reyes, and not the government, had the burden of establishing that internal relocation in Guatemala was not reasonable. 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii) (asylum); *see also id.* § 1208.16(b)(1)(i)(B), (ii) (withholding of removal).

Based on the uncontested evidence of record, the BIA correctly concluded that Mr. Reyes did not satisfy his burden of proving that any relocation would be unreasonable. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (asking whether there was substantial evidence to support the BIA's finding that petitioners could relocate safely within Pakistan without facing persecution). The only evidence Mr. Reyes presented was that Guatemala is approximately the size of Tennessee and that his immediate family lives in Salinas. He presented no evidence that his return to another part of Guatemala would be discovered, nor that

---

[4] The BIA's interpretation of past persecution (*i.e.*, persecution in the relevant country before the alien applicant departed that country) is not contrary to the plain and sensible meaning of the relevant immigration statutes. *See Kankamalage v. INS*, 335 F.3d 858, 862 (9th Cir. 2003) (stating that "[t]he BIA's interpretation of immigration laws is entitled to deference" unless "clearly contrary to the plain and sensible meaning of the statute"); *see also Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005) (noting that, so long as the agency construction is reasonable, a court must accept that construction, "even if the agency's reading differs from what the court believes is the best statutory interpretation").

his alleged prosecutors would have the means of harming him outside of Salinas. Rather, as the BIA pointed out in its second decision, there was only speculation on the part of Mr. Reyes's attorney. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Finally, Mr. Reyes argues that, his constitutional rights were violated because, under the BIA's second decision and 8 C.F.R. § 1240.26(i), he was denied voluntary departure simply because he exercised his right to judicial relief. This argument must be rejected in light of our en banc decision in *Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012).

Petition **DENIED**.